IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3132-F

JASON L. PERRY, )
 )
     Plaintiff, )
 )
v. ) ORDER
 )
SARAH REVELL, *et al.*, )
 )
     Defendants. )

Before the court is the motion to dismiss or, in the alternative, motion for summary judgment [D.E. # 21] filed by defendants and several miscellaneous motions filed by plaintiff. For the reasons that follow, the court will grant the motion to dismiss and deny plaintiff's motions.

**STATEMENT OF THE CASE**

On July 20, 2011, Jason L. Perry, a federal inmate proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleged that defendants Sarah Revell, Delores Stephens, J. Baskerville, Tony Hiscocks, and Samuel Batts, all of whom are officials or employees of the United States Bureau of Prisons located at Butner Federal Correctional Complex, denied him access to the courts by interfering with his legal mail, preventing or unduly limiting his legal phone calls, and otherwise ignoring or limiting his "legal requests." Compl. [D.E. # 3] 3-4. Plaintiff appeared to claim that defendants' actions caused him to miss "a deadline to appeal" his criminal conviction and hampered his ability to litigate a separate lawsuit he filed concerning his medical care. Id. Plaintiff sought

injunctive relief, including an order that he be allowed to make legal calls which are not "'timed' or otherwise influenced," as well as one million dollars compensation "as a result of [him] not being able to appeal [his] case." Id. at 4-5. Plaintiff also requested that defendant Baskerville be terminated from his position, and that each defendant provide him with a written apology. Id. at 5.

Defendants filed their motion to dismiss for failure to state a claim or, in the alternative, for summary judgment [D.E. # 21] on May 22, 2012. Plaintiff filed his response [D.E. # 25] to the motion on June 11, 2012. In addition, plaintiff has filed a motion for the appointment of counsel [D.E. # 13], a "Motion for Subpoena" [D.E. # 15], and a motion for summary judgment [D.E. # 20] which is premised on the erroneous belief that defendants failed to timely answer his complaint.

## DISCUSSION

Plaintiff's complaint appears to charge, without allegations of specific conduct at specific times, that defendants prevented him from having access to the courts by limiting his ability to speak with attorneys and interfering with his legal mail. Compl. [D.E. # 3] 3-4. He claims that defendants caused him to miss a filing deadline in an appeal of his criminal conviction. Plaintiff also claims that defendants ignored his "legal requests" after he filed a separate federal action concerning his medical care at Butner. Id. at 4. However, plaintiff does not allege how any of this conduct prejudiced his ability to prosecute his separate Bivens action.

Defendants argue that the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because

> 1) Plaintiff's allegations fail to state a claim upon which relief can be granted under Bivens; 2) Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the doctrine of sovereign immunity; 3) Plaintiff's claim for injunctive relief is moot; 4) Defendants are entitled to qualified immunity, and; 5) Plaintiff failed to exhaust his statutorily-mandated administrative remedies.

2

Defs.' Supp. Mem. [D.E. #23] 2-3. Because the court agrees that plaintiff has failed to state a claim upon which relief may be granted, the court need not address the alternative defenses raised by defendants.

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, while a reviewing court must "accept as true all well-leaded allegations and view the complaint in the light most favorable to the plaintiff, Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009), the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

As an initial matter, the court finds that plaintiff has failed to state a claim upon which relief could be granted as to any of the defendants he names in this suit. Plaintiff fails to allege any specific conduct by any named defendant which could have caused the injury to his rights which he alleges. Instead, plaintiff states simply that "[t]he above named prison officials have prevented [him]

3

from having access to the courts, representation of an attorney, privileged attorney mail and mail from the court, . . . [and] access to legal calls with an attorney[.]" Compl. [D.E. # 3] 3. "In a Bivens suit, there is no respondeat superior liability. Instead, liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Without some allegation of affirmative, personal conduct by any of the named defendants, plaintiff has failed to state a claim upon which relief could be granted.

Moreover, plaintiff's allegations are insufficient to state a viable claim for denial of access to the courts. In order to state such a claim, plaintiff must allege actual injury in that defendants' actions somehow hindered his efforts to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 351-54 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir.2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996) (en banc); American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785-86 (4th Cir.1993). Single, isolated incidents without negative consequences to plaintiff will not suffice to constitute a deprivation of his constitutional rights. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir.1983). "[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998). In order to show actual injury, "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Id. at 1290–91 (citations omitted).

The only specific injury to his right of access to the court alleged by plaintiff is that he "missed a deadline to appeal [his] case" and that therefore, his "conviction is final and [he is] stuck without remedy in that case." Compl. [D.E. # 1] 3. Defendants' submissions and the judicial

4

records in plaintiff's criminal case and subsequent collateral challenge make clear that plaintiff's claim is frivolous.[1] On January 26, 2010, plaintiff pled guilty in the United States District Court for the Western District of Texas to two counts of bank fraud, in violation of 18 U.S.C. § 1344. Plaintiff was sentenced on April 29, 2010. See Judgement and Commitment [D.E. # 62], United States v. Perry, crim. no. 5:09-cr-00475-OLG-1 (W.D. Tex.). Plaintiff did not appeal his conviction or sentence. Rule 4 of the Federal Rules of Appellate Procedure allows a person convicted in federal court fourteen days after the entry of judgment in which to file a notice of appeal in the court in which he was convicted. Fed. R. App. P. 4(b)(1)(A). Thus, plaintiff had until May 14, 2010, to file a timely notice of appeal. Plaintiff was not remanded to the custody of the defendants at Butner until June 28, 2010, well after the time during which he could have appealed his conviction had lapsed. See Affidavit of Cornelia J. Coll ¶ 4, ex. 2 to Defs.' Supp. Brief [D.E. # 23-2]. Thus, plaintiff's claim that defendants somehow caused him to miss the deadline to appeal his conviction is patently inaccurate.

To the extent plaintiff is complaining that defendants somehow caused him to miss a filing deadline for a collateral challenge to his conviction, he has still failed to state a viable claim that he was denied access to the courts. First, the record in plaintiff's criminal case indicates that he did file a pro se "Motion to Modify Sentence" on March 14, 2011, which the district court denied on March 28, 2011. Plaintiff filed this motion, apparently without obstruction by defendants, during his time at Butner. Plaintiff also succeeded in filing a motion to vacate his sentence pursuant to 28 U.S.C.

---

[1] The court may rely upon these materials because, in ruling upon a motion pursuant to Rule 12(b)(6), the court "may properly take judicial notice of matters of public record . . . as well as [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Phillips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

5

§ 2255 on May 17, 2011, again from Butner. The court denied this motion to vacate because it was untimely pursuant to the one-year statute of limitations of § 2255(f) and plaintiff was not entitled to equitable tolling. See Dismissal Order [D.E. # 81] at 2, United States v. Perry, crim. no. 5:09-cr-00475-OLG-1 (W.D.Tex. entered June 6, 2011).[2] The court also ruled, alternatively, that plaintiff "fail[ed] to present a basis for § 2255 relief" because his lone claim for relief from his conviction and sentence lacked merit. Id. In sum, plaintiff was not in the custody of defendants during the time in which he could have filed a notice of appeal, he was not entitled to equitable tolling of § 2255(f)'s limitations period based on the alleged conduct of defendants, and, most significantly, he failed to even allege a facially viable claim for post-conviction relief in the only collateral challenge he filed while at Butner. Thus, plaintiff has failed to plausibly allege that any conduct by defendants "impeded [his] pursuit of a nonfrivolous, post-conviction claim[,]" Wilson, 163 F.3d at 1290, and his claim that defendants denied him access to the courts in order to appeal his conviction is due to be dismissed.

Plaintiff also appears to allege that defendants "ignored" his "legal requests" after he filed a separate Bivens action concerning his medical care at Butner. Compl. [D.E. # 3] 4. Plaintiff does not describe any specific "legal request" or any instance in which such was ignored by any defendant. He also fails to allege how any such conduct actually impeded his prosecution of that suit. Review

---

[2] Because plaintiff's conviction became final on May 14, 2010, his May 17, 2011, motion to vacate sentence was untimely by four days. The court specifically rejected plaintiff's argument that he was entitled to equitable tolling of the limitations period due to Butner officials' purported refusal to provide him with a form § 2255 motion until the week preceding his filing. The court observed that "federal prison units make § 2255 forms available to prisoners as a courtesy or convenience, however the lack of such a form does not prevent a prisoner from filing a § 2255 case. In a § 2255 case no particular form is required . . . ." Dismissal Order [D.E. # 81], United States v. Perry, crim. no. 5:09-cr-00475-OLG-1.

of the record in plaintiff's separately filed <u>Bivens</u> action, <u>Perry v. Stevens, et al.</u>, no. 5:11-ct-3115-BO (E.D.N.C.), forecloses any claim that defendants denied plaintiff access to the court in that suit. The court dismissed plaintiff's complaint in that matter as frivolous because it sought relief–namely, "immediate release from incarceration"–which is unavailable in a <u>Bivens</u> action. <u>See</u> Order [D.E. # 12] 2, <u>Perry v. Stevens, et al.</u>, no. 5:11-ct-3115-BO (E.D.N.C. entered Nov. 17, 2011). Plaintiff did not appeal the court's judgment. Thus, where plaintiff has wholly failed to specify any conduct by any defendant which supposedly hampered his ability to prosecute his direct criminal appeal, his collateral challenge to his conviction, his prior <u>Bivens</u> suit, or any other court action, and where plaintiff's claims and arguments in those actions he did file were rejected because they were entirely devoid of merit, plaintiff simply cannot show that defendants somehow "impeded [his] pursuit of a nonfrivolous, post-conviction claim or civil rights action," <u>Wilson</u>, 163 F.3d at 1290. Accordingly, plaintiff has failed to state a claim of denial of access to the courts for which relief could be granted.

## CONCLUSION

Plaintiff has failed to adequately allege any set of facts plausibly indicating that defendants denied him access to the courts, and he has therefore failed to state a claim upon which relief could be granted. Defendants' motion to dismiss [D.E. # 21] pursuant to Rule 12(b)(6) is GRANTED. Plaintiff's motion for the appointment of counsel [D.E. # 13], "Motion for Subpoena" [D.E. # 15], and motion for summary judgment [D.E. # 20] are DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 13th day of February, 2013.

                                                       *James C. Fox*
                                                JAMES C. FOX
                                                Senior United States District Judge

8

Case 5:11-ct-03132-F   Document 27   Filed 02/13/13   Page 8 of 8